### DOHERTY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. STREET RAILROADS—INJURIES TO TRAVELERS—COLLISIONS—ORDINARY CARE.

In an action against a street railway company for injuries to a traveler in a collision with a street car, an instruction that if the traveler took a doubtful chance of being able to cross in front of the car it would be negligence, precluding a recovery, was properly refused, he having a right to take such a chance as a person of ordinary care would have taken under the circumstances.

2. VERDICT—CONCLUSIVENESS.

It is the province of the jury to give plaintiff's uncorroborated evidence credit, and the verdict in his favor will not be disturbed as against the weight of the evidence.

Appeal from City Court of New York, Trial Term.

Action by Patrick Doherty against the Metropolitan Street Railway Company. From an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
J. J. Allen, for respondent.

GILDERSLEEVE, J. The action is for personal injuries. The jury allowed plaintiff $250 damages. The defendant appeals.

The plaintiff was proceeding south on Fifth avenue at about half past 5 o'clock in the evening of September 23, 1901, driving a hansom cab. In attempting to cross Twenty-Third street, over the southerly track of defendant's railroad on said street at its intersection with Fifth avenue, the plaintiff's cab was struck on the west wheel by an east-bound car of the defendant, and plaintiff was injured. In reply to the defendant's request, "If this plaintiff took a doubtful chance of being able to get across the front of this car it would be negligence, which would defeat his right to recovery,"

¶ 2. See Evidence, vol. 20, Cent. Dig. § 2438.

the court said, "I will not charge any further than I have already charged on that subject." In the body of the charge the court correctly defined the respective duties and obligations of the plaintiff and the motorman, and then said to the jury: "The question for you to consider is whether the approaching parties * * * exercised that ordinary care, that care which a careful and prudent person * * * ordinarily exercises under like circumstances and conditions?" We think the instruction to the jury, as a whole, fully safeguarded the defendant's rights. To entitle the plaintiff to proceed on his way and across the tracks of the defendant, he was not bound to wait for conditions that excluded all doubts of safety. It was the plaintiff's privilege to take such a chance as a person of ordinary care and prudence, in the exercise thereof, would have taken under the circumstances. The request was defective, and properly disposed of.

Although the testimony of the plaintiff as to the accident is uncorroborated, it was within the province of the jury to give it credit, and the verdict should not be disturbed as against the weight of evidence.

Judgment and order appealed from affirmed, with costs to the respondent. All concur.